Filed 2/14/22  P. v. Andrade CA5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>SANSON NOE ANDRADE,<br><br>Defendant and Appellant. | F081878<br><br>(Super. Ct. No. CRM012561B)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Merced County.  Mark V. Bacciarini and Carol K. Ash, Judges.[†]

Randy S. Kravis, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Christina Hitomi Simpson, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Hill, P. J., Levy, J. and Detjen, J.

[†]    Judge Bacciarini ruled on June 19, 2019; Judge Ash ruled on August 28, 2020.

## INTRODUCTION

In 2012, a jury convicted petitioner Sanson Noe Andrade of the first degree murder of Tommy H.[1] (Pen. Code,[2] § 187, subd. (a), count 1) and the attempted first degree murder of Randy H. (§§ 187, subd. (a), 189, 664, count 2).[3] On count 1, the jury found true the special circumstance that petitioner committed the murder while an active participant in a criminal street gang and with an intent to kill (§ 190.2, subd. (a)(22)). For the offense of murder, the trial court sentenced petitioner to a term of life in prison without the possibility of parole. For attempted murder, the court imposed a consecutive sentence of life with the possibility of parole. (*People v. Andrade* (Oct. 31, 2014, F065468 [nonpub. opn.] (*Andrade*).)

In 2019 and 2020, respectively, petitioner filed two petitions for resentencing on his murder conviction pursuant to section 1170.95. The court summarily denied both petitions at the prima facie stage on the ground the special circumstance finding established petitioner had the intent to kill, a disqualifying factor pursuant to section 1170.95, subdivision (a)(3).

On appeal, petitioner contends the trial court erred by failing to appoint counsel at the prima facie stage and this denial of counsel violated his Sixth Amendment rights. Petitioner further contends it is reasonably possible an order to show cause would have been issued had the petition not been denied without the benefit of counsel.

We conclude the court erred in failing to appoint counsel, but the error was harmless because the special circumstance finding establishes petitioner is ineligible for

---

[1] Pursuant to California Rules of Court, rule 8.90, we refer to some persons by their first names. No disrespect is intended.

[2] All further statutory references are to the Penal Code unless otherwise specified.

[3] Petitioner was convicted of additional offenses and enhancements, as described below.

resentencing as a matter of law. Accordingly, we affirm the trial court's order denying resentencing relief pursuant to section 1170.95.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts are from our nonpublished opinion in petitioner's direct appeal.[4]

"On the afternoon of September 4, 2010, [petitioner], then 19 years old, drove up to the home of Randy [H.] and his sons Eric and Tommy [H.] . . . in Dos Palos. With [petitioner] was his brother-in-law, 15-year-old Isaac E. Isaac drew a gun and fired at [Randy, Eric, and Tommy], who were on the front porch. Tommy [H.] was killed and Randy [H.] was wounded in the leg.

"[Petitioner] and Isaac were Sureños gang members. Eric [H.] was a Norteño. Two Sureños, Juan [A.] and Leonel [M.], were friends of [petitioner]'s and had recently been murdered. Eric [H.] was once a suspect in those murders, but three other Norteños were eventually arrested instead.

"[Petitioner] and Isaac were arrested the day [Randy, Eric, and Tommy were shot]. The gun that fired the bullet that killed Tommy [H.] was in [petitioner]'s car. Isaac admitted to being the shooter and said the shooting was payback. [Petitioner] admitted he drove Isaac to the scene of the shootings, but denied knowing Isaac had a gun or planned to shoot anyone. [¶] . . . [¶]

"[Petitioner] testified at trial. His defense was that, although he drove Isaac to the . . . house and Isaac shot and killed Tommy [H.] and wounded Randy [H.], he did not know Isaac had a gun, did not know Isaac intended to shoot anyone, and was not aware that a shooting had taken place until the police told him so. [Petitioner] said Isaac got out of the car to commit the shootings; he did not see Isaac shooting and did not hear the shots because music was playing at high volume in the car." (*Andrade*, *supra*, F065468.)

On May 29, 2012, the Merced County District Attorney filed a first amended information charging petitioner with the first degree murder of Tommy (§ 187, subd. (a),

---

[4] We previously granted petitioner's request for judicial notice of the record on appeal in petitioner's direct appeal. We provide these facts for background purposes because they were cited by petitioner in his opening brief. However, we do not rely on these facts in resolving the issues presented in this appeal. (See § 1170.95, subd. (d)(3).)

count 1), with the special circumstance that petitioner intentionally killed the victim while petitioner was an active participant in a criminal street gang and the murder was carried out to further the activities of the gang (§ 190.2, subd. (a)(22)); the premeditated attempted first degree murder of Randy (§§ 187, subd. (a), 189, 664, count 2); assault with a semiautomatic firearm as to both Tommy and Randy (§ 245, subd. (b), count 3); and active participation in a criminal street gang (§ 186.22, subd. (a), count 4). As to counts 1 and 2, the information alleged petitioner committed the offense for the benefit and in furtherance of a criminal street gang (§ 186.22, subd. (b)(1), (5)) and that during the commission of the offense a principal personally used a firearm proximately causing great bodily injury or death (§ 12022.53, subds. (d), (e)(1)). As to count 3, the information alleged petitioner committed the offense for the benefit and in furtherance of a criminal street gang (§ 186.22, subd. (b)(1)).

On June 6, 2012, a jury convicted petitioner of first degree murder (§ 187, subd. (a), count 1), attempted first degree murder (§§ 187, subd. (a), 189, 664, count 2), assault with a semiautomatic firearm (§ 245, subd. (b), count 3), and active participation in a criminal street gang (§ 186.22, subd. (a), count 4) and found all enhancements and special circumstances true. On July 16, 2012, the trial court sentenced petitioner on count 1 to a term of life without the possibility of parole with a consecutive term of 25 years to life for the firearm enhancement (§ 12022.53, subds. (d), (e)(1)).[5] On count 2, the trial court sentenced petitioner to a consecutive term of life with the possibility of parole with a consecutive term of 25 years to life for the firearm enhancement

---

[5] The trial court struck the section 186.22, subdivision (b)(5) gang enhancement to both counts 1 and 2, which provided for a minimum term of 15 years, because the court instead imposed the 25-years-to-life term for the firearm enhancement (§ 12022.53, subd. (d)) and the gang enhancement is an alternative penalty to the firearm enhancement (§ 12022.53, subd. (e)(2)). The court also struck the section 186.22, subdivision (b)(1) gang enhancement to count 2 pursuant to *People v. Lopez* (2005) 34 Cal.4th 1002. The court did not mention the section 186.22, subdivision (b)(1) gang enhancement to count 1, but presumably struck this enhancement pursuant to the same authority.

4.

(§ 12022.53, subds. (d), (e)(1)).  On count 3, the trial court sentenced petitioner to a six-year term, plus an additional five-year term for the gang enhancement (§ 186.22, subd. (b)(1)), but stayed both terms pursuant to section 654.  On count 4, the trial court sentenced petitioner to the middle term of two years, but stayed the term pursuant to section 654.

On appeal, this court affirmed.  (*Andrade*, *supra*, F065468.)

On June 10, 2019, petitioner, in propria persona, filed a petition for resentencing on his murder conviction pursuant to section 1170.95.  In the form petition, petitioner stated a complaint, information, or indictment was filed against him that allowed him to be prosecuted under a theory of felony murder or murder under the natural and probable consequences doctrine; he was convicted of first or second degree murder at trial; and he could not now be convicted of first or second degree murder because of changes made to sections 188 and 189, effective January 1, 2019.  He also requested the court appoint counsel during the resentencing process.  Petitioner did not check the boxes stating he was not the actual killer; he did not, with the intent to kill, aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the commission of murder in the first degree; or that he was not a major participant in the felony or did not act with reckless indifference to human life during the course of the crime or felony.  Lastly, petitioner did not check the box stating the murder victim was not a peace officer in the performance of his or her duties.

On June 19, 2019, the trial court, without appointing counsel or allowing further briefing, denied the petition stating:  "The jury could and did find petitioner guilty of premedi[t]ated murder, as opposed to felony murder or murder under the natural and probable consequences doctrine, as is apparent from the record and the intent findings."

On August 25, 2020, petitioner filed a second petition for resentencing on his murder conviction pursuant to section 1170.95.**6** Although written by hand, petitioner made the same declarations as his original petition, but additionally declared he was not the actual killer; he did not, with the intent to kill, aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the commission of murder in the first degree; and he was not a major participant in the felony or did not act with reckless indifference to human life during the course of the crime or felony. Lastly, petitioner stated the murder victim was not a peace officer in the performance of his or her duties.

On August 28, 2020, the trial court, again without appointing counsel or allowing further briefing, denied the petition stating:

> "The jury found [petitioner] guilty of murder in the first degree, finding the special circumstance and enhancement allegations true. The verdict included findings that the murder was willful, deliberate, and premeditated. The finding made it clear that the jury found petitioner intentionally helped Isaac commit murder. Therefore there is no likelihood the natural and probable consequences instructions caused them to reach a murder verdict they otherwise would not have reached. The jury's intent finding removes the possibility that the jury relied on the natural and probable consequences doctrine. These findings apply to the conviction under section 187, not the special allegation under 190.2(a)(22)."

A timely appeal followed.

---

**6** Neither petition sought resentencing on petitioner's conviction for attempted murder. Section 1170.95 has been amended, effective January 1, 2022, to expressly permit resentencing of persons convicted of attempted murder under certain circumstances. (§ 1170.95, subd. (a); Sen. Bill No. 775 (2021-2022 Reg. Sess.); Stats. 2021, ch. 551, §§ 1-2.) As the issue of petitioner's attempted murder conviction was not raised below, we do not address it. Petitioner may file a petition for resentencing on his attempted murder conviction in the trial court, if desired. Petitioner retains any remedies available to him in the trial court.

**DISCUSSION**

## I.  Applicable Law

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.) "to amend the felony murder rule and the natural and probable consequences doctrine . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)  The bill accomplished this task by adding three separate provisions to the Penal Code.  (*People v. Gentile* (2020) 10 Cal.5th 830, 842 (*Gentile*).)  First, to amend the natural and probable consequences doctrine, the bill added section 188, subdivision (a)(3), which requires a principal to act with malice aforethought before he or she may be convicted of murder.  (§ 188, subd. (a)(3); accord, *Gentile*, at pp. 842-843.)  Second, to amend the felony-murder rule, the bill added section 189, subdivision (e):

> "A participant in the perpetration or attempted perpetration of [qualifying felonies] in which a death occurs is liable for murder only if one of the following is proven:  [¶]  (1) The person was the actual killer.  [¶]  (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.  [¶]  (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."[7]  (§ 189, subd. (e); accord, *Gentile*, at p. 842.)

Finally, the bill added section 1170.95 to provide a procedure for those convicted of a qualifying offense "to seek relief under the two ameliorative provisions above." (*Gentile*, at p. 843.)  This procedure is available to persons convicted of "felony murder or murder under the natural and probable consequences doctrine or other theory under which malice

_____

[7] Additionally, section 189 was amended to allow for felony-murder liability where the victim is a peace officer.  (§ 189, subd. (f); accord, *People v. Daniel* (2020) 57 Cal.App.5th 666, 672.)

is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter." (§ 1170.95, subd. (a).)

"Section 1170.95 lays out a process" for a person convicted of one of the aforementioned offenses "to seek vacatur of his or her conviction and resentencing." (*Gentile*, *supra*, 10 Cal.5th at p. 853.) First, an offender must file a petition in the sentencing court averring that:

> "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine[;]

> "(2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder[; and]

> "(3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a)(1)-(3); see § 1170.95, subd. (b)(1)(A); accord, *People v. Lewis* (2021) 11 Cal.5th 952, 959-960 (*Lewis*).)

Additionally, the petition shall state "[w]hether the petitioner requests the appointment of counsel." (§ 1170.95, subd. (b)(1)(C).)

If a petition fails to contain the required information and the information cannot be "readily ascertained" by the court, the petition may be denied without prejudice to the filing of another petition. (§ 1170.95, subd. (b)(2).) Otherwise, counsel must be appointed, if requested. (§ 1170.95, subd. (b)(3).) The prosecutor must file a response and the petitioner may file a reply. The trial court must then hold a hearing to determine if the petitioner has made a prima facie showing that he or she is entitled to relief. (§ 1170.95, subd. (c); accord, *Lewis*, *supra*, 11 Cal.5th at pp. 961-963, 967.) In making

this determination, the court may rely on the record of conviction. (*Lewis*, at pp. 970-971.) The record of conviction includes, but is not limited to, jury instructions and verdict forms. (See generally *id*. at p. 972.) However, the prima facie inquiry is limited and, at this stage of the proceedings, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id*. at pp. 971-972.)

If the court determines the petitioner has met his or her prima facie burden, "the trial court must issue an order to show cause and hold a hearing to determine whether to vacate the murder[, attempted murder, or manslaughter] conviction and to resentence the petitioner on any remaining counts." (*Gentile*, *supra*, 10 Cal.5th at p. 853; accord, § 1170.95, subds. (c), (d)(1).) At the hearing, the prosecution must "prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1170.95, subd. (d)(3).) The prosecutor and the petitioner may offer new or additional evidence to meet their respective burdens. The admission of evidence at the hearing is governed by the Evidence Code. However, the court also "may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed," as well as the "procedural history of the case recited in any prior appellate opinion." (§ 1170.95, subd. (d)(3).) Hearsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b) of section 872 is inadmissible at the evidentiary hearing, unless made admissible by another exception to the hearsay rule. (§ 1170.95, subd. (d)(3).)

## II. Analysis

Petitioner contends the trial court erred by failing to appoint counsel at the prima facie stage and that this error violated his Sixth Amendment rights. Petitioner further contends it is reasonably possible an order to show cause would have been issued had the petition not been denied without the benefit of counsel. We conclude the trial court erred in disposing of the petition without following the procedures required by section 1170.95, subdivision (c), including the appointment of counsel. However, as we explain,

9.

petitioner was not prejudiced by this error because the record of conviction establishes, as a matter of law, he is ineligible for resentencing relief pursuant to section 1170.95.

### A. The Trial Court Erred in Failing to Appoint Counsel.

Petitioner contends we should adopt the reasoning of *People v. Cooper* (2020) 54 Cal.App.5th 106 and conclude "a petitioner is entitled to counsel upon the filing of a facially sufficient petition for relief that requests counsel be appointed." (*Id.* at p. 123.) Since filing of both parties' briefs, our Supreme Court affirmed the approach articulated in *Cooper* stating that once "a complying petition is filed, the court appoints counsel, if requested; the issue is briefed; and then the court makes one (not two) prima facie determination." (*Lewis*, *supra*, 11 Cal.5th at p. 966, fn. omitted.)

The trial court did not follow this procedure in the instant case. Section 1170.95, subdivision (c) required that at the prima facie stage the trial court appoint counsel and give counsel an opportunity to file responsive briefing. The trial court erred in disposing of the petition without complying with these procedures. We may affirm only if petitioner was not prejudiced by the error. To demonstrate prejudice, a petitioner must show that, absent the error, it is reasonably probable his petition would not have been denied without an evidentiary hearing. (*Lewis*, *supra*, 11 Cal.5th at pp. 972-974; see *People v. Watson* (1956) 46 Cal.2d 818, 836.) As we explain, we conclude petitioner cannot demonstrate prejudice because the record establishes he is ineligible for resentencing as a matter of law.

### B. The Error was Harmless Because Petitioner is Ineligible for Resentencing as a Matter of Law.

To be eligible for relief pursuant to section 1170.95, petitioner must not have been the actual killer, must not have acted with the intent to kill or malice aforethought, and must not have been a major participant in the underlying felony who acted with reckless indifference to human life. (§§ 188, subd. (a)(3), 189, subd. (e), 1170.95, subd. (a)(3); see *Gentile*, *supra*, 10 Cal.5th at p. 842.) As *Gentile* articulated, "Senate Bill [No.] 1437

10.

. . . bars a conviction for first or second degree murder under a natural and probable consequences theory. Except for felony murder, section 188[, subdivision ](a)(3) makes personally possessing malice aforethought a necessary element of murder. Natural and probable consequences liability for murder contains no such requirement." (*Id*. at p. 846.)

In petitioner's direct appeal, this court held the jury instructions provided during petitioner's trial erroneously "allowed a first degree murder conviction under the natural and probable consequences doctrine based on aiding and abetting another offense." (*Andrade*, *supra*, F065468, citing *People v. Chiu* (2014) 59 Cal.4th 155, 167, which was later abrogated by Senate Bill No. 1437 (2017-2018 Reg. Sess.).) However, this court found the error was harmless beyond a reasonable doubt because the jury's finding on the gang special circumstance "makes it clear that the jury found [petitioner] intentionally helped Isaac commit murder. Therefore there is no likelihood the natural and probable consequences instructions caused them to reach a murder verdict they otherwise would not have reached." (*Andrade*, *supra*, F065468.) The court further explained, "[t]he jury's intent finding [as to the section 190.2, subdivision (a)(22) gang special circumstance] removes the possibility that the jury relied on the natural and probable consequences doctrine, and that is the only possibility that could give rise to reversible error under *Chiu*."[8] (*Andrade*, *supra*, F065468.)

Here, as previously explained, the jury found true a special circumstance pursuant to section 190.2, subdivision (a)(22), which imposes a sentence of death or life without the possibility of parole for a murder involving the defendant's active participation in a criminal street gang. (*Andrade*, *supra*, F065468.) To find the special circumstance true,

_____

[8] Appellate opinions, like *Andrade*, "are generally considered to be part of the record of conviction" and may be considered by a court in determining whether a petitioner has made a prima facie case for section 1170.95 relief. (*Lewis*, *supra*, 11 Cal.5th at p. 972.)

11.

the jury was required to find petitioner intended to kill the victim.  (§ 190.2, subds. (a)(22), (c).)  Section 190.2, subdivision (a)(22) applies where:

> "[t]he defendant *intentionally killed the victim* while the defendant was an active participant in a criminal street gang, as defined in subdivision (f) of Section 186.22, and the murder was carried out to further the activities of the criminal street gang."  (Italics added.)

Where the defendant is not the actual killer, this special circumstance applies only if the defendant, "with the intent to kill, aids, abets, counsels, commands, induces, solicits, requests, or assists any actor in the commission of murder in the first degree."  (§ 190.2, subd. (c); accord, *People v. Fayed* (2020) 9 Cal.5th 147, 201-202.)  When read together, these provisions make clear that only " 'one who intentionally aids or encourages a person in the deliberate killing of another,' " in the manner or for the reasons described by the statute, is subject to the special circumstances punishment.  (*Fayed*, at p. 202; accord, *People v. Allison* (2020) 55 Cal.App.5th 449, 460.)  Therefore, for the jury to find the gang special circumstance (§ 190.2, subd. (a)(22)) true, the jury was required to conclude petitioner had the intent to kill.  As we explained in our prior opinion, the jury was properly instructed regarding this requirement:

> "The jury was instructed that to find this special circumstance true, it must find that [petitioner]—not just Isaac—had an intent to kill.  The prosecutor in closing argument also emphasized in his discussion of the special circumstance that it was [petitioner]'s intent to kill that was important, not Isaac's."  (*Andrade*, *supra*, F065468.)

Therefore, the special circumstance finding establishes the jury made the findings necessary to sustain a murder conviction under section 189, as amended by Senate Bill No. 1437 (2017-2018 Reg. Sess.).  Petitioner is ineligible for resentencing as a matter of law.

Nonetheless, petitioner contends it is reasonably probable that an order to show cause would have been issued if he was provided counsel at the prima facie stage.  Specifically, petitioner argues the jury could have concluded he did not possess the

requisite intent for purposes of first degree murder because there was a possibility the "jury could have utilized the natural and probable consequences doctrine to find [petitioner] guilty of murder and then made a subsequent, yet separate, determination that he intended to kill while an active member of a street gang." We disagree. As we previously explained, the jury's finding on the gang special circumstance "makes it clear that the jury found [petitioner] intentionally helped Isaac commit murder. Therefore there is no likelihood the natural and probable consequences instructions caused them to reach a murder verdict they otherwise would not have reached." (*Andrade*, *supra*, F065468.)

Finally, petitioner contends his denial of counsel at the prima facie stage violated his Sixth Amendment rights. Our Supreme Court has held otherwise. (*Lewis*, *supra*, 11 Cal.5th at pp. 972-973.) The failure to appoint counsel on a section 1170.95 petition is state law error, which we review for prejudice under the standard articulated above. (*Id.* at pp. 972-974.)

Accordingly, petitioner is ineligible for resentencing relief under section 1170.95.

## DISPOSITION

The orders denying petitioner's section 1170.95 petitions are affirmed.